Reese, J.
delivered the opinion of the court.
The land for which suit was brought in this cause, was decreed to be sold by the will of Jason Thompson deceased; and in a bill to which the administrator with the will annexed and all the devisees were parties, for the purpose of giving construction to thte will, and declaring the rights of the parties under it, and executing the powers conferred by it, the said land was sold by the clerk and master, the sale confirmed, and title by the deed of the clerk and master, decreed to be made to the purchaser, the lessor of the plaintiff. It is urged, that the decree and sale were void. 1st. Because, the act of 1827, and that of 1829, authorizing sales to be made in chancery for the purpose of partition among heirs at law, tenants in common, áse., directs the bill to be filed in the district where the land lies, and, this land laying in Cannon county, the bill was filed in Williamson county.
To this objection, there are two answers:—
1st: The jurisdiction in this case, does not depend upon those statutes, but arises from the power of a court of chancery, to carry into effect the trusts of a will.
2d. If the jurisdiction did depend upon them, they sufficiently confer it.
All the parties in interest are before the court, by personal service of process, and some of the fends, to be sold, for the purpose of making partition, do lie within the district.
The act in question did not contemplate that there should be as many chancery suits, as there were districts in which lands might lie; for the act of 1817, where partition is to be made in solido, by a court of law, and the lands lie in several counties, hut one suit is to take place; and the land is to be divided, wherever it may lie.
*514 The principle of this statute, will extend to the mode of proceeding for partition, directed by the acts of 1827 and 1829.
But independently of this, we think it would be proper to divide all the lands by one decree and suit; so far, therefore from being void, the decree and sale are not voidable.
2d. It is said, the decree and sale, are void by the act of 1821, commonly called the champerty act, because at the time of the sale, some of the land was adversely possesséd.
The act of 1821, does not extend to sales m’ade.by a decree of a court. If the fact had been known, it might have been proper, to have obtained possession of the land, upon sale. But the sale is not void. The statute, itself, from abundant caution, exempts sales made by executions at law. They would have been exempted by construction of the act. The evil to be prevented, was voluntary sales, of pretended titles, by those who would not assert them by suit, to inter-medling persons, who would, against the quiet and repose of society.
It was not intended to embrace a case of this sort.
3d. The decree and sale, is said to be void, because the land lies in the county of Cannon, and in the proceedings in chancery, and in every thing, but the clerk’s deed, it was described as lying in Rutherford county, where in fact it did lie, till Cannon was formed out of Rutherford. The land in other and locative descriptions of it, is well identified. There is nothing in thus objection.
Let the judgment of the circuit court be affirmed.
_:This case was decided at the December term, 1846.